# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1402014360 |
| | ) | |
| DENNIS WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: June 26, 2017
Date Decided: August 22, 2017

*Upon Dennis Williams' Motion for Postconviction Relief*
**DENIED**

Upon consideration of the motion for postconviction relief counsel filed by Defendant Dennis Williams; Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61"); the facts, arguments and legal authorities set forth in Defendant's motion and the State's response in opposition thereto; Trial Counsel's affidavit; statutory and decisional law; and the entire record in this case, the Court finds as follows:

1. This case was tried to a jury October 21-23, 2014. Defendant was represented by counsel at trial ("Trial Counsel").

2. Defendant stipulated that he was a person prohibited.

3. On October 23, 2014, following the three-day jury trial, the jury found Defendant guilty of Possession of a Firearm by a Person Prohibited ("PFBPP") and Possession of Ammunition by a Person Prohibited ("PABPP"). Defendant was

found not guilty of Reckless Endangering First Degree and Possession of a Firearm During Commission of a Felony.

4. Trial Counsel moved for a judgment of acquittal, contending that the verdicts were inconsistent. The State opposed Defendant's motion. The Court denied the motion for judgment of acquittal on the grounds that the verdicts were not inconsistent because the crimes on which Defendant was acquitted required the State to establish different factual elements beyond a reasonable doubt. Specifically, the State had to prove that Defendant actually discharged the firearm rather than merely possessing it. In addition, there was direct evidence of the crimes alleging possession of a firearm while there was only circumstantial evidence that Defendant actually discharged the weapon.

5. By Order dated March 13, 2015, effective February 22, 2014, Defendant was sentenced.

6. On March 30, 2015, Defendant filed a timely appeal of his conviction and sentence with the Delaware Supreme Court, which affirmed this Court's ruling by Order dated December 4, 2015.[1]

7. On April 11, 2016, Defendant filed a timely motion for postconviction relief and a motion for appointment of postconviction relief counsel pursuant to Rule 61 as a self-represented litigant.

---

[1] *Williams v. State*, 129 A.3d 232 (TABLE) (Del. 2015).

8.     Rule 61(e) governs the appointment of counsel in postconviction proceedings. Upon a defendant's timely request, the Court shall appoint counsel for an indigent movant's first motion for postconviction relief if the motion seeks to set aside "a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and is for a crime designated as a class A, B, or C felony under 11 *Del. C.* § 4205(b)."[2]

9.     Pursuant to 11 *Del. C.* § 1448(c), PFBPP is a class C Felony if the defendant has been previously convicted of a violent felony. Defendant qualified for increased sentencing under § 1448(e)(1) because of Defendant's status as a prohibited person and his previous conviction of a violent felony.[3] Accordingly, Defendant's 2014 jury conviction of PFBPP, from which he seeks postconviction relief, is a class C felony and Defendant is entitled to appointment of counsel to pursue his first motion for postconviction relief. Accordingly, Counsel was appointed to represent Defendant on his motion for post-conviction relief ("Rule 61 Counsel").

---

[2] Super. Ct. Crim. R. 61(e)(1). Rule 61(e)(1) also requires the Court to appoint counsel where "a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and resulted in the imposition of a sentence under 11 *Del. C.* § 4214(b) [. . . or . . .] a sentence of death." Because Defendant was not sentenced to life imprisonment or death, these exceptions are inapplicable.
[3] Defendant was convicted of Possession of a Deadly Weapon by a Person Prohibited, a violent felony under 11 *Del. C.* § 4201(c), on October 18, 2007.

3

10. Rule 61 Counsel has filed an Amended Motion for Postconviction Relief ("PCR Motion") alleging ineffective assistance of Trial Counsel on two grounds: (i) failure to request a mistrial after a State's witness "narrated" a video of the crime scene and (ii) stipulating that Defendant was a person prohibited.

11. The version of Rule 61 that was in place at the time Defendant filed his Rule 61 motion is applicable.[4] Postconviction relief is a "collateral remedy which provides an avenue for upsetting judgments that have otherwise become final."[5] To protect the finality of criminal convictions, the Court must consider the procedural requirements for relief set out under Rule 61(i) before addressing the merits of the motion.[6]

12. Rule 61(i)(1) bars a motion for postconviction relief that is filed more than one year from a final judgment of conviction.[7] This bar is inapplicable, as Defendant's PCR Motion is timely. Rule 61(i)(2) bars successive motions for postconviction relief.[8] This bar is inapplicable, as this is Defendant's first motion for postconviction relief. Rule 61(i)(3) bars relief if the postconviction motion includes claims that were not asserted in prior proceedings leading to the final

---

[4] *See Washington v. State*, 2014 WL 4243590, at *2 (Del. Aug. 26, 2014) (applying the version of Rule 61 in effect when defendant originally filed his postconviction motion).
[5] *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990).
[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[7] Super. Ct. Crim. R. 61(i)(1).
[8] Super. Ct. Crim. R. 61(i)(2).

judgment, unless the movant shows cause for relief from the procedural bars and prejudice from a violation of the movant's rights.[9] Moreover, Rule 61(i)(4) bars relief if the postconviction motion includes grounds for relief formerly adjudicated in any proceeding leading to the judgment of conviction, in an appeal, or in a postconviction proceeding.[10] Rule 61(i)(3) and 61(i)(4) are inapplicable because Defendant's claims for ineffective assistance of counsel could not have been raised on direct appeal.[11]

13. The procedural requirements of Rule 61(i) are satisfied. Accordingly, the Court will address Defendant's PCR Motion on the merits.

14. The standard used to evaluate claims of ineffective assistance is the two-prong test articulated by the United States Supreme Court in *Strickland v. Washington*,[12] as adopted in Delaware.[13] Under *Strickland*, Defendant must show that (1) Defense Counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for Defense Counsel's unprofessional errors, the result of the proceeding would have been

---

[9] Super. Ct. Crim. R. 61(i)(3).

[10] Super. Ct. Crim. R. 61(i)(4).

[11] *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").

[12] 466 U.S. 668 (1984).

[13] *Albury v. State*, 551 A.2d 53 (Del. 1988).

5

different.[14]  Failure to prove either prong will render Defendant's claim insufficient.[15]

15.  The Court shall dismiss entirely conclusory allegations of ineffective assistance.[16] The movant must provide concrete allegations of prejudice, including specifying the nature of the prejudice and the adverse effects actually suffered.[17] Moreover, the movant must overcome the strong presumption that counsel's conduct was professionally reasonable.[18] Defendant must assert specific allegations establishing that Defense Counsel acted unreasonably as viewed against "prevailing professional norms."[19]

16.  Defense counsel's representation was well within the range of reasonable representation.

(a) With respect to the claim that a State's witness narrated a video of the crime scene, Defendant's interpretation is factually inaccurate. The State's witness did not narrate the video presentation; rather the State's witness testified regarding his own observations as an eyewitness at the scene. The cold record does not

---

[14] *Strickland*, 466 U.S. at 687.

[15] *Id.* at 688; *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).

[16] *Younger*, 580 A.2d at 555; *Jordan v. State*, 1994 WL 466142, at *1 (Del. Aug. 25, 1994).

[17] *Strickland*, 466 U.S. at 692; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996) ("Mere allegations of ineffectiveness will not suffice.").

[18] *Strickland*, 466 U.S. at 687–88.

[19] *Id.* at 688.

adequately represent the pace and tenor of the testimony which did not run afoul of the Court's instructions regarding presentation of the video evidence. It was entirely reasonable for Trial Counsel to make argument that the video did not support the State's claims, and that is exactly what Trial Counsel did argue to the jury. Moreover, Trial Counsel could reasonably conclude that a curative instruction would be less effective than Trial Counsel's affirmative argument. Judicial scrutiny should be highly deferential to counsel's decisions on trial strategy.[20]

(b) With respect to the stipulation as a person prohibited, the jury was not advised the basis for Defendant's status. Agreeing to a stipulation of fact under these circumstances was entirely reasonable; indeed, it is standard practice.

17. Defendant did not suffer prejudice.

(a) With respect to the claim that a State's witness narrated a video of the crime scene, the Court would not have sustained an objection since the presentation was not objectionable.

(b) With respect to the stipulation as a person prohibited, had the charge been severed, presentation of evidence regarding Defendant's status would have been *pro forma*.

18. Defendant cannot satisfy either prong of *Strickland* and, therefore, his claim of ineffective assistance of counsel must be denied.

---

[20] *Id.* at 689.

7

**NOW, THEREFORE,** on this 22nd day of August 2017, Defendant Dennis

Williams' Amended Motion for Postconviction Relief is hereby **DENIED.**

**IT IS SO ORDERED.**

_____

**The Honorable Andrea L. Rocanelli**

Original to Prothonotary

cc:    Edward F. Eaton, Esq.
        Mark A. Denney, DAG
        Dennis Williams SBI 00370540